CHAD A. READLER
Acting Assistant Attorney General
ETHAN P. DAVIS
Deputy Assistant Attorney General
GUSTAV W. EYLER
Acting Director, Consumer Protection Branch
JILL P. FURMAN
Deputy Director
JACQUELINE BLAESI-FREED
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Telephone: (202) 353-2809
Facsimile: (202) 514-8742
Email: Jacqueline.M.Blaesi-Freed@usdoj.gov

DAYLE ELIESON
United States Attorney

TROY K. FLAKE
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   Plaintiff, )<br><br>  v. )<br><br>PATRICIA KERN, et al., )<br>   Defendants. ) | Civil Case No: 2:18-cv-000283-JAD-PAL<br><br>**STIPULATED CONSENT DECREE AND FINAL JUDGMENT**<br><br>[ECF No. 26] |

Plaintiff, the United States of America, brought this action against Patricia Kern; Advanced Allocation System, Inc.; Distribution Reporting Center, Inc.; Global Data Funding, Inc.; Marketing Image Direct, Inc.; Montgomery Marketing, Inc. LLC.; North American

1

Disbursement Agency, Inc.; Pacific Allocation Systems, Inc.; Special Money Managers, Inc.; All American Awards, Inc.; Golden Products Service, Inc.; Edgar Del Rio; NSD Products, Inc.; Sean O'Connor; Epifanio Castro; New Generation Graphics, Inc.; Andrea Burrow; Stephen Fennell; and Neptune Data Services, Inc., by filing a complaint pursuant to the Fraud Injunction Statute, 18 U.S.C. § 1345. This Court granted the United States' *ex parte* application for a temporary restraining order on February 20, 2018, finding that (1) the United States could likely succeed in defendants are violating or are about to violate 18 U.S.C. §§ 1341 and 1349 by executing a scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent representations with the intent to defraud using the U.S. Mail; (2) the equities weigh in favor of an injunction; and (3) an injunction is in the public's interest. Finding good cause to do so, on March 2, 2018, the Court extended the temporary restraining order until April 24, 2018.

Plaintiff and defendant Edgar Del Rio and NSD Products, Inc. (hereinafter the "Settling Defendants") stipulate to entry of this Consent Decree and Final Judgment ("Consent Decree") to resolve all matters in dispute in this action between them.

IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

### FINDINGS

1. This Court has jurisdiction over this matter and the parties.

2. The Complaint charges that defendants violated are violating, or are about to violate 18 U.S.C. §§ 1341 and 1349 by executing schemes and artifices to defraud or for obtaining money or property my means of false or fraudulent representations with the intent to defraud, and, in so doing, use the United States Mail.

3. Settling Defendants neither admit nor deny any allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

### DEFINITIONS

1. "Caging Services" refers to opening mail; entering or inputting data about such mail into a database or forwarding such data; handling, forwarding, or depositing payments

2

received in such mail, including currency, bank checks, certified checks, money orders, or credit card charge authorizations; or handling or forwarding any such mail;

2. "Covered Materials" refers to any materials that contain advertisements, solicitations, promotions, and/or any other materials:

    a. that represent, directly or indirectly, expressly or impliedly that the recipient has won, will win, or will receive cash, awards, or prizes;

    b. that represent, directly or indirectly, expressly or impliedly that the recipient will receive delivery of cash, awards, or other prizes in return for payment of a fee;

    c. that offer for sale information regarding sweepstakes or lotteries;

    d. that represent, directly or indirectly, expressly or impliedly, that the recipient of the solicitation was specifically selected to receive the mailing based on a reason other than the fact that the recipient's name appears on a mailing list;

    e. that offer for a fee the following items or services:

        i. Wealth-Building Programs, meaning instructions, reports, or programs which provide purportedly guaranteed results or methods for making money or an item purportedly guaranteed to provide the user with luck or wealth;

        ii. Psychics, meaning persons (actual or fictitious) that are presented in mailed solicitations or other solicitations to consumers as having psychic, clairvoyant, or other such similar special abilities; or

    f. that contain any other false or misleading representations.

3. "Customer List(s)" refers to any compilation including personal information—such as the name, address, telephone number, email address, social security number, other identifying information, or data that enables access to a person's account (including a credit card, bank account, or other financial account—that was compiled in whole or in part from individuals who have responded to any Covered Materials.

3

4.    "Fee" refers to a payment of any kind, including but not limited to: processing fees, service fees, expediting fees, purchase fees, nominal fees, symbolic payments, gifts and gratuities.

5.    "Payment Processing Services" refers to handling credit card transactions, debit card transactions, Automated Clearing House (ACH) transactions, check transactions, money orders, travelers check transactions, or cash transactions.

## PROHIBITED ACTIVITIES

I.    Pursuant to 18 U.S.C. § 1345 and the inherent power of this Court, Settling Defendants, their agents, officers, employees, and successors and all other persons and entities in active concert or participation with them are permanently enjoined from:

    A.    committing mail fraud as defined by 18 U.S.C. §§ 1341 and 1349;

    B.    using the United States mail, or causing others to use the United States mail, to distribute any Covered Materials;

    C.    printing, or causing others to print, any Covered Materials that will be distributed through the United States mail;

    D.    receiving, handling, opening, or forwarding any correspondence transmitted through the United States mail that responds, by sending payment or otherwise, to any Covered Materials;

    E.    disclosing, using, benefitting from, selling, offering for sale, leasing, renting, brokering or licensing any Customer Lists;

    F.    disclosing, using, benefitting from, selling, offering for sale, leasing, renting, brokering or licensing any lists compiled from or consisting in whole or in part of United States residents where such lists will be used to address any Covered Materials;

    G.    compiling Customer Lists;

    H.    performing, or causing others to perform, Caging Services on correspondence transmitted through the United States mail in response to any Covered Materials;

4

I.      performing, or causing others to perform, Payment Processing Services for payments received from U.S. residents in response to any Covered Materials; or

J.      acting as a consultant (whether paid or unpaid) for any person engaged in any of the conduct described in Subparagraph I(A)-(I), above.

## RETENTION OF CUSTOMER LISTS AND COVERED MATERIALS

II.      Within seven (7) days of entry of this Consent Decree, the Settling Defendants are ordered to provide to Settling Defendants' legal counsel all copies of (1) any Customer Lists and (2) any Covered Materials that are currently in their possession, custody or control. Settling Defendants shall also provide a copy of such Customer Lists and Covered Materials to counsel of record for the United States in this matter and shall not retain in their possession or control any copies of such Customer Lists or Covered Materials. Within seven (7) days of entry of this Consent Decree, Settling Defendants shall also direct any third parties that are in custody of Settling Defendants' Customer Lists and Covered Materials, excluding Settling Defendants' legal counsel, to provide all copies of such materials to counsel of record for the United States in this matter and not to retain any copies of such materials in the third party's possession, custody or control, provided however that these third parties may also provide a copy of such Customer Lists and Covered Materials to their own retained counsel. Within fourteen (14) days of entry of this Consent Decree, Settling Defendants shall provide counsel of record for the United States a certification in the form attached here as Exhibit A, sworn under penalty of perjury before a local notary, detailing what materials, if any, were provided to Settling Defendants' legal counsel and to counsel of record for the United States in this matter, and certifying that Settling Defendants no longer have in their possession any such materials.

## NOTICE TO THIRD PARTIES

III.      Within five (5) days of entry of this Consent Decree, Settling Defendants shall provide copies of this Consent Decree to all direct mailers, graphic designers/artists, list brokers, printer/distributors, mailing houses, caging services, and/or payment processors with which they reasonably have determined they done business at any time with respect to any Covered Materials distributed through the United States mail. Within seven (7) days of entry of this

Consent Decree, Settling Defendants shall provide proof of such notice to the Court and the United States, including the name and addresses of the entities and/or individuals to whom the notice was sent, how the notice was sent, when the notice was sent, and a copy of the notice.

**OWNERSHIP OF MAIL**

IV.     Settling Defendants disclaim any ownership interest in mail responsive to any Covered Materials. The United States Postal Inspection Service is authorized to open any and al United States Mail that was detained pursuant to any order of this Court and any mail responsive to Covered Materials in its possession, custody, or control. The United States Postal Inspection Service shall return any currency, bearer instruments (including but not limited to money orders and travelers checks), and any personal effects that can be positively identified with its sender contained in any mail opened pursuant to this paragraph. This return shall include a letter notifying the sender of the disposition of this matter, attached here as Exhibit B. The United States Postal Inspection Service is authorized to destroy any and all remaining detained mail (including but not limited to envelopes, order forms, correspondence, personal checks, and payment card information (PCI)).

**ORDER ACKNOWLEDGEMENT**

V.     Within five (5) days after entry of this Consent Decree, the Settling Defendants are ordered to submit to the United States' counsel of record in this action a written acknowledgement of this Consent Decree sworn under penalty of perjury.

**SIGNATORIES, INTEGRATION, MODIFICATION, & WAIVER**

VI.     The undersigned parties and counsel each represent that he, she or it is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind to this document the party which he, she, or it represents.

VII.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein (other than deliverables that are subsequently submitted and approved pursuant to this Decree). The parties acknowledge that there are no representations,

agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. This Consent Decree may be signed by the parties and counsel in counterparts, each of which constitutes an original and all of which constitute one of the same Consent Decree. Signatures delivered by facsimile transmission, or as .pdf attachments to emails, shall constitute acceptable, binding signatures for purposes of this Consent Decree.

VIII.   The Consent Decree shall not be modified except in writing by Plaintiff and the Settling Defendants and approved by the Court.

IX.   Settling Defendants agree: (1) to waive all rights to appeal or otherwise challenge or contest the validity of this Consent Decree; (2) to waive, release, and remit any and all claims, either directly or indirectly against the United States and its agencies, employees, representatives and agents, including but not limited to the Department of Justice, the United States Postal Inspection Service, and their employees, with respect to this action.

X.   Plaintiff and the Settling Defendants agree to bear their own costs and attorneys' fees in this action.

## FINALITY AND RETENTION OF JURISDICTION

XI.   This Court retains jurisdiction of this action for the purposes of enforcing or modifying this Consent Decree and for the purpose of granting such additional relief as may be necessary or appropriate.

XII.   This Consent Decree shall constitute a final judgment and order in this action as to Settling Defendants.


IT IS SO ORDERED


_____
U.S. District Judge Jennifer A. Dorsey


DATED:   April 18, 2018
_____

7

**IT IS HEREBY AGREED:**

**THE UNITED STATES OF AMERICA**

DAYLE ELIESON
United States Attorney

TROY K. FLAKE
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

ETHAN P. DAVIS
Deputy Assistant Attorney General

GUSTAV W. EYLER
Acting Director
Consumer Protection Branch

JILL P. FURMAN
Deputy Director

Dated: 4/9/2019

JACQUELINE BLAESI-FREED
Trial Attorney

8

**DEFENDANTS**

Dated: 3- 22-18

EDGAR DEL RIO, individually and as an
officer of NSD Products, Inc., also doing
business as NSD Printing

Dated: 3-22-18

BRIAN J. SMITH
Law Offices of Brian J. Smith, Ltd.
9525 Hillwood Drive, Suite 190
Las Vegas, Nevada

*Attorneys for Edgar Del Rio and NSD
Products Inc.*

# Exhibit A

# Exhibit A

## **Certification**

I, _____, hereby declare as follows:

      Pursuant to Paragraph II of the Stipulated Consent Decree and Final Judgment entered on _____, 2018 (the "Consent Decree") in *United States v. Kern, et al.,* 2:18-cv-000283-JAD-PAL (D. Nev.)

I certify as follows (check all that apply):

_____ **No Lists or Covered Materials in Possession or Control.**  As of the date of the Consent Decree, I did not have in my possession or control any Covered Materials, as defined in the Consent Decree, or any Customer Lists, as defined in the Consent Decree.

_____ **Lists Provided to Legal Counsel.**  Pursuant to the Consent Decree, I have provided to my legal counsel all Covered Materials and Customer Lists.  The materials provided to legal counsel are as follows:

| Materials (describe) | Counsel Name, Address, and Point of Contact | Date Provided |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional sheets if necessary)

[Continued on next page]

_____ **Requests to Third Parties.** On the dates and in the manner listed below, I instructed the individuals identified below to provide to counsel for the United States all Covered Materials and Customer Lists, to the extent such individual has or had any such lists in his or her possession, and not to retain copies of any such materials or lists. I indicate below whether the individual, as of the date of this certification, has confirmed that he or she has complied with this directive and the date of such confirmation.

| Name of Third Party (name of corporate entity, if applicable, and address) | Communication of Instruction | Response |
|---|---|---|
| Name of entity/individual contacted:<br><br>Address: | Date:<br><br>Manner (e.g., phone, mail, email): | □ Confirmed lists and Covered Materials destroyed<br><br>Name of individual responding:<br><br>Date of confirmation:<br><br>Manner communicated (e.g., phone, mail, email):<br><br>or<br><br>□ No response received within five business days |
| Name of entity/individual contacted:<br><br>Address: | Date:<br><br>Manner (e.g., phone, mail, email): | □ Confirmed lists and Covered Materials destroyed<br><br>Name of individual responding:<br><br>Date of confirmation:<br><br>Manner communicated (e.g., phone email):<br><br>or<br><br>□ No response received within five business days |

(Attach additional sheets if necessary)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated _____, and executed at _____.


_____
Signature

_____
Typed or Printed Name and Title



State of [STATE]      )
                                  ) ss.:
County of [XXX]      )


On the _____ day of _____ in the year 2018, before me, the undersigned notary public, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.


_____
Notary Public/State of [STATE][

# Exhibit B

# Exhibit B



[Date]


First Name, Last Name
Address 1
Address 2
City, State Zip

Re:    United States of America v. Kern, et al.
       Civil Case No: 2:18-cv-000283-JAD-PAL

Dear Sir/Madam:

We are writing you because you previously mailed **[merge field—money/bearer instrument/personal item and specific amount of remission]** in response to a letter claiming you were entitled to receive a cash prize.  We are returning your **[merge field—money/bearer instrument/personal item and specific amount of remission]**.

The United States Department of Justice (DOJ) has filed civil charges against Patricia Kern; Advanced Allocation System, Inc.; Distribution Reporting Center, Inc.; Global Data Funding, Inc.; Marketing Image Direct, Inc.; Montgomery Marketing, Inc. LLC.; North American Disbursement Agency, Inc.; Pacific Allocation Systems, Inc.; Special Money Managers, Inc.; All American Awards, Inc.; Golden Products Service, Inc.; Edgar Del Rio; NSD Products, Inc.; Sean O'Connor; Epifanio Castro; New Generation Graphics, Inc.; Andrea Burrow; Stephen Fennell; and Neptune Data Services, Inc.  The case, filed in the District of Nevada, alleged that the defendants conducted a scheme to defraud consumers through the mail.  Specifically, DOJ alleged that the defendants solicited payments from consumers by sending letters representing that the recipient was entitled to receive a large cash prize or other valuable prize in return for a payment in the range of $20 to $30.  DOJ alleged that these representations were fraudulent and that consumers who sent in payments did not receive the promised cash or prizes.  The letters were sent in the names of multiple different companies and individuals.

On February 20, 2018, the United States District Court made a determination that DOJ could likely succeed in proving that defendants were engaging in a fraudulent scheme. On _____ 2018, the District Court entered a permanent injunction against the defendants, prohibiting them from mailing advertisements representing that a consumer is entitled to receive a prize in return for a payment.  This injunction also requires the U.S. Postal Inspection Service to return to consumers any currency or bearer instruments (such as money orders or travelers checks).  Enclosed, please find the **[merge field—money/bearer instrument and specific amount of remission]** that was able to be identified as belonging specifically to you.

Should you have any questions about this notice, please contact Sabrina Holmes with the U.S. Postal Inspection Service at (202) 616-5634.  For more information, visit [insert URL for press release website.]