JOSEPH H. HUNT
Assistant Attorney General
JAMES M. BURNHAM
Deputy Assistant Attorney General
GUSTAV W. EYLER
Acting Director, Consumer Protection Branch
JILL P. FURMAN
Deputy Director
JACQUELINE BLAESI-FREED
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Telephone: (202) 353-2809
Facsimile: (202) 514-8742
Email: Jacqueline.M.Blaesi-Freed@usdoj.gov

DAYLE ELIESON
United States Attorney

TROY K. FLAKE
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>PATTI KERN, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Case No: 2:18-cv-000283-JAD-PAL<br><br>**DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION**<br><br>ECF Nos. 46, 48 |

Plaintiff, the United States of America, brought this civil action on February 15, 2018,

alleging defendants were engaging in an ongoing mail fraud scheme in violation of 18 U.S.C.

§§ 1341 and 1349 and seeking injunctive and other equitable relief under 18 U.S.C. § 1345. (*See*

1

Dkt. No. 1.)  This Court granted the United States' *ex parte* application for a temporary restraining order on February 20, 2018, finding that (1) the United States likely could succeed in proving defendants are violating or are about to violate 18 U.S.C. §§ 1341 and 1349 by executing a scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent representations with the intent to defraud using the U.S. Mail; (2) the equities weighed in favor of an injunction; and (3) an injunction was in the public's interest.  Nine of the original defendants have since stipulated to the entry of final orders, which this Court entered. (*See* Dkt. Nos. 32-35.)  The remaining eleven defendants—Advanced Allocation Systems, Inc.; Distribution Reporting Center, Inc.; Funding Managers, Inc.; Global Data Funding, Inc.; Marketing Image Direct, Inc.; North American Disbursement Agency, Inc.; Pacific Allocation Systems, Inc.; Special Money Managers, Inc.; All American Awards, Inc.; Montgomery Marketing Inc. LLC; and Sean O'Connor (hereinafter "Default Defendants")—failed to file an answer or otherwise defend this action, and the Clerk entered a default against each of them on July 17, 2018.  (*See* Dkt. No. 45.)

Plaintiff filed a Motion for Entry of Default Judgment and Order for Permanent Injunction and Other Equitable Relief against the Default Defendants.  Having considered the motion and memorandum filed in support, declaration, and entire record in this matter, the United States' motion is hereby **GRANTED**, AND **IT IS HEREBY ADJUDGED, ORDERED, AND DECREED** as follows:

## **FINDINGS**

1.      The Complaint alleges that defendants violated, are violating, or are about to violate 18 U.S.C. §§ 1341 and 1349 by executing schemes and artifices to defraud or for obtaining money or property my means of false or fraudulent representations with the intent to defraud, and, in so doing, use the United States Mail.  The Complaint seeks injunctive and other equitable relief.

2.      This Court has subject matter jurisdiction over this matter under 18 USC § 1345 and 28 U.S.C. §§ 1331 and 1345.

3.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because Default Defendants reside in this District, transact business in this District, and because Default Defendants' actions giving rise to this case occurred in this District.

4.     The Complaint states a claim upon which relief may be granted against the Default Defendants under 18 U.S.C. § 1345.

5.     Default Defendants have been properly served with notice of the lawsuit.

6.     Default Defendants have failed to answer or otherwise defend this action.  The Clerk of the Court properly entered a default against all Default Defendants on July 17, 2018.

7.     Because Default Defendants failed to file an answer, the allegations in the Complaint are taken as true.

8.     As alleged in the Complaint, Default Defendants participated in a long-running mail fraud scheme.  Default Defendants are responsible for mailing, or facilitating the mailing, of thousands of fraudulent solicitations that represent recipients have won a substantial prize, but must pay a fee to receive the prize.  The solicitations purport to be individualized notices sent by legitimate entities, when in fact they are mass-produced letters sent by sham corporations. Victims who send the fees receive no prizes.  Default Defendants know the solicitations are fraudulent, but nevertheless continued their participation.  Default Defendants' participation in that scheme constitutes mail fraud in violation of 18 U.S.C. §§ 1341 and 1349.

9.     The Court finds that absent a permanent injunction, Default Defendants are likely to resume the activities underlying the Plaintiff's Complaint.

10.     Default Defendants' history of fraudulent activity demonstrates a risk that, absent a permanent injunction, they will commit future violations of federal fraud statutes.  Accordingly a permanent injunction constraining their future activities and ensuring they cannot reuse the tools of their fraud scheme is warranted.  Specifically it is in the interest of justice and the public to (1) permanently ban Default Defendants from engaging in certain categories of mailings and activities related to such mailings, (2) require Default Defendants to surrender copies of fraudulent solicitations, as well as lists of recipients and potential recipients, and (3) provide other ancillary relief.

## **DEFINITIONS**

For the purposes of this Order, the following definitions apply:

1. "Caging Services" refers to opening mail; entering or inputting data about such mail into a database or forwarding such data; handling, forwarding, or depositing payments received in such mail, including currency, bank checks, certified checks, money orders, or credit card charge authorizations; or handling or forwarding any such mail;

2. "Covered Materials" refers to any materials that contain advertisements, solicitations, promotions, and/or any other materials:

 a. that represent, directly or indirectly, expressly or impliedly that the recipient has won, will win, or will receive cash, awards, or prizes;

 b. that represent, directly or indirectly, expressly or impliedly that the recipient will receive delivery of cash, awards, or other prizes in return for payment of a fee;

 c. that offer for sale information regarding sweepstakes or lotteries;

 d. that represent, directly or indirectly, expressly or impliedly, that the recipient of the solicitation was specifically selected to receive the mailing based on a reason other than the fact that the recipient's name appears on a mailing list;

 e. that offer for a fee the following items or services:

  i. Wealth-Building Programs, meaning instructions, reports, or programs which provide purportedly guaranteed results or methods for making money or an item purportedly guaranteed to provide the user with luck or wealth;

  ii. Psychics, meaning persons (actual or fictitious) that are presented in mailed solicitations or other solicitations to consumers as having psychic, clairvoyant, or other such similar special abilities; or

 f. that contain any other false or misleading representations.

3. "Customer List(s)" refers to any compilation including personal information— such as the name, address, telephone number, email address, social security number, other identifying information, or data that enables access to a person's account (including a credit

4

card, bank account, or other financial account—that was compiled in whole or in part from individuals who have responded to any Covered Materials.

4. "Fee" refers to a payment of any kind, including but not limited to: processing fees, service fees, expediting fees, purchase fees, nominal fees, symbolic payments, gifts and gratuities.

5. "Payment Processing Services" refers to handling credit card transactions, debit card transactions, Automated Clearing House (ACH) transactions, check transactions, money orders, travelers check transactions, or cash transactions.

## PROHIBITED ACTIVITIES

I. Pursuant to 18 U.S.C. § 1345 and the inherent power of this Court, Default Defendants, their agents, officers, employees, and successors and all other persons and entities in active concert or participation with them are permanently enjoined from:

A. committing mail fraud as defined by 18 U.S.C. §§ 1341 and 1349;

B. using the United States mail, or causing others to use the United States mail, to distribute any Covered Materials;

C. printing, or causing others to print, any Covered Materials that will be distributed through the United States mail;

D. receiving, handling, opening, or forwarding any correspondence transmitted through the United States mail that responds, by sending payment or otherwise, to any Covered Materials;

E. disclosing, using, benefitting from, selling, offering for sale, leasing, renting, brokering or licensing any Customer Lists;

F. disclosing, using, benefitting from, selling, offering for sale, leasing, renting, brokering or licensing any lists compiled from or consisting in whole or in part of United States residents where such lists will be used to address any Covered Materials;

G. compiling Customer Lists;

H.  performing, or causing others to perform, Caging Services on correspondence transmitted through the United States mail in response to any Covered Materials;

I.  performing, or causing others to perform, Payment Processing Services for payments received from U.S. residents in response to any Covered Materials; or

J.  acting as a consultant (whether paid or unpaid) for any person engaged in any of the conduct described in Subparagraph I(A)-(I), above; or

K.  destroying, deleting, removing, or transferring any and all business, financial, accounting, and other records concerning their operations and the operations of any other entity that is owned or controlled in whole or in part by any Default Defendant, with the proviso that Default Defendants may destroy, delete, remove, or transfer records covered by the subparagraph in order to comply with the law or other court orders, and may destroy, delete, remove, or transfer Customer Lists and Covered Materials in order to comply with Paragraph II of this Order.

## **RETENTION OF CUSTOMER LISTS AND COVERED MATERIALS**

II.  Within fourteen (14) days of entry of this Order, the Default Defendants are ordered to provide to the United States (1) any Customer Lists and (2) any Covered Materials that are currently in their possession, custody or control. Within fourteen (14) days of entry of this Order, Default Defendants shall also direct any third parties that are in custody of Default Defendants' Customer Lists and Covered Materials to provide all copies of such materials to the United States and not to retain any copies of such materials in the third party's possession, custody or control, provided however that these third parties may also provide a copy of such Customer Lists and Covered Materials to their own retained counsel. Within twenty-eight (28) days of entry of this Order, Default Defendants shall provide the United States a certification in the form attached here as Exhibit A, sworn under penalty of perjury before a local notary, detailing what materials, if any, were provided the United States in this matter, and certifying that Default Defendants no longer have in their possession any such materials.

## NOTICE TO THIRD PARTIES

III.     Within fourteen (14) days of entry of this Order, Default Defendants shall provide copies of this Order to all direct mailers, graphic designers/artists, list brokers, printer/distributors, mailing houses, caging services, and/or payment processors with which they reasonably have determined they done business at any time with respect to any Covered Materials distributed through the United States mail.  Within twenty-eight (28) days of entry of this Order, Default Defendants shall provide proof of such notice to the United States, including the name and addresses of the entities and/or individuals to whom the notice was sent, how the notice was sent, when the notice was sent, and a copy of the notice.

## AUTHORIZATION TO OPEN MAIL

IV.     The United States Postal Inspection Service is authorized to open any and all United States Mail that was detained pursuant to any order of this Court and any mail responsive to Covered Materials in its possession, custody, or control.  The United States Postal Inspection Service shall return any currency, bearer instruments (including but not limited to money orders and travelers checks), and any personal effects that can be positively identified with its sender contained in any mail opened pursuant to this paragraph.  This return shall include a letter notifying the sender of the disposition of this matter, attached here as Exhibit B.  The United States Postal Inspection Service is authorized to destroy any and all remaining detained mail (including but not limited to envelopes, order forms, correspondence, personal checks, and payment card information (PCI)).

## ORDER ACKNOWLEDGEMENT

V.     Within five (5) days after entry of this Order, the Default Defendants are ordered to submit to the United States a written acknowledgement of this Order sworn under penalty of perjury.

## PROCEDURE FOR SUBMISSIONS TO THE UNITED STATES

VI.     Unless otherwise directed by a representative of the Consumer Protection Branch, Civil Division, Department of Justice, in writing, all submissions to the United States must be sent via overnight delivery with signatures required upon recipient to the following address:

Director, Consumer Protection Branch, United States Department of Justice, 450 Fifth Street, NW, Suite 6400 South, Washington, D.C. 20001. The submission must include a cover letter with a subject line of "United States v. Kern, et al., 18-cv-283 (D. Nev.)."

### RETENTION OF JURISDICTION

VII.    This Court retains jurisdiction over this matter for construction, modification, or enforcement of this Order.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the United States' Motion for Entry of Default Judgment and Order for permanent Injunction and Other Equitable Relief **[ ECF Nos. 46, 48] is GRANTED.** The Clerk of Court is directed to **ENTER this Default Judgment and Order for Permanent Injunction and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: November 7, 2018

# Exhibit A

## <u>Certification</u>

I, _____, hereby declare as follows:

       Pursuant to Paragraph II of the Default Judgment and Order for Permanent Injunction entered on _____, 2018 (the "Default Judgment and Order") in *United States v. Kern, et al.,* 2:18-cv-000283-JAD-PAL (D. Nev.)

I certify as follows (check all that apply):

_____ **No Lists or Covered Materials in Possession or Control.**  As of the date of the Default Judgment and Order, I did not have in my possession or control any Covered Materials, as defined in the Default Judgment and Order, or any Customer Lists, as defined in the Default Judgment and Order.

_____ **Lists and Covered Materials Provided to the United States.**  Pursuant to the Default Judgment and Order, I have provided to the United States all Covered Materials and Customer Lists.  The materials provided are as follows:

| Materials (describe) | Counsel Name, Address, and Point of Contact | Date Provided |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

(Attach additional sheets if necessary)

[Continued on next page]

_____ **Requests to Third Parties.** On the dates and in the manner listed below, I instructed the individuals identified below to provide to the United States all Covered Materials and Customer Lists, to the extent such individual has or had any such lists in his or her possession, and not to retain copies of any such materials or lists. I indicate below whether the individual, as of the date of this certification, has confirmed that he or she has complied with this directive and the date of such confirmation.

| **Name of Third Party** (name of corporate entity, if applicable, and address) | **Communication of Instruction** | **Response** |
|---|---|---|
| Name of entity/individual contacted:<br><br>Address: | Date:<br><br><br>Manner (e.g., phone, mail, email): | □ Confirmed lists and Covered Materials destroyed<br><br>Name of individual responding:<br><br>Date of confirmation:<br><br>Manner communicated (e.g., phone, mail, email):<br><br>or<br><br>□ No response received within five business days |
| Name of entity/individual contacted:<br><br>Address: | Date:<br><br><br>Manner (e.g., phone, mail, email): | □ Confirmed lists and Covered Materials destroyed<br><br>Name of individual responding:<br><br>Date of confirmation:<br><br>Manner communicated (e.g., phone email):<br><br>or<br><br>□ No response received within five business days |

(Attach additional sheets if necessary)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated _____, and executed at _____.


_____
Signature

_____
Typed or Printed Name and Title




State of [STATE]      )
                     ) ss.:
County of [XXX]      )


On the _____ day of _____ in the year 2018, before me, the undersigned notary public, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.


_____
Notary Public/State of [STATE][

# Exhibit B



[Date]

First Name, Last Name
Address 1
Address 2
City, State Zip

Re:     United States of America v. Kern, et al.
        Civil Case No: 2:18-cv-000283-JAD-PAL

Dear Sir/Madam:

We are writing you because you previously mailed **[merge field—money/bearer instrument/personal item and specific amount of remission]** in response to a letter claiming you were entitled to receive a cash prize.  We are returning your **[merge field—money/bearer instrument/personal item and specific amount of remission]**.

The United States Department of Justice (DOJ) has filed civil charges against Patricia Kern; Advanced Allocation System, Inc.; Distribution Reporting Center, Inc.; Global Data Funding, Inc.; Marketing Image Direct, Inc.; Montgomery Marketing, Inc. LLC.; North American Disbursement Agency, Inc.; Pacific Allocation Systems, Inc.; Special Money Managers, Inc.; All American Awards, Inc.; Golden Products Service, Inc.; Edgar Del Rio; NSD Products, Inc.; Sean O'Connor; Epifanio Castro; New Generation Graphics, Inc.; Andrea Burrow; Stephen Fennell; and Neptune Data Services, Inc.  The case, filed in the District of Nevada, alleged that the defendants conducted a scheme to defraud consumers through the mail.  Specifically, DOJ alleged that the defendants solicited payments from consumers by sending letters representing that the recipient was entitled to receive a large cash prize or other valuable prize in return for a payment in the range of $20 to $30.  DOJ alleged that these representations were fraudulent and that consumers who sent in payments did not receive the promised cash or prizes.  The letters were sent in the names of multiple different companies and individuals.

On February 20, 2018, the United States District Court made a determination that DOJ could likely succeed in proving that defendants were engaging in a fraudulent scheme. On _____ 2018, the District Court entered a permanent injunction against the defendants, prohibiting them from mailing advertisements representing that a consumer is entitled to receive a prize in return for a payment.  This injunction also requires the U.S. Postal Inspection Service to return to consumers any currency or bearer instruments (such as money orders or travelers checks).  Enclosed, please find the **[merge field—money/bearer instrument and specific amount of remission]** that was able to be identified as belonging specifically to you.

Should you have any questions about this notice, please contact Sabrina Holmes with the U.S. Postal Inspection Service at (202) 616-5634.  For more information, visit [insert URL for press release website.]